```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GELLER BIOPHARM, INC.,                                             :
                                                                   :
                                Plaintiff,                         :      20-CV-4334 (JPC)
                                                                   :
                -v-                                                :      ORDER
                                                                   :
AMUNIX PHARMACEUTICALS, INC.,                                      :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2020

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of a letter, dated October 19, 2020, from Plaintiff Geller Biopharm Inc. ("GBP") requesting leave to file under seal GBP's memorandum of law in opposition to Defendant Amunix Pharmaceuticals, Inc.'s ("Amunix's") motion to dismiss the complaint. (Dkt. 33). Before this case was reassigned to the undersigned, the Court had placed under seal the complaint and accompanying exhibits, as well as the parties' pre-motion letters and Amunix's memorandum of law in support of its motion to dismiss. (*See* Dkts. 3-4, 19-20, 22-23, 30-31).

As an initial matter, GBP's October 19, 2020 sealing request does not comply with this Court's Individual Rules and Practices for Civil Cases, which require any application to seal to be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and any other controlling authority. *See* Individual Rules and Practices in Civil Cases, 4.B-C (*available at* https://www.nysd.uscourts.gov/hon-john-p-cronan).

It is well established in this Circuit that "a presumption of immediate access [to judicial documents] applies under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 113.

Therefore, in considering a request for sealing of judicial documents—such as a civil complaint and filings in connection with a motion to dismiss—a court must analyze the weight of the presumption of access, and balance competing considerations to determine if sealing is warranted.  *See id.* at 119–20.  "'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  The filings on the docket in this case, however, do not permit the Court to assess whether sufficient grounds exist for the continued sealed treatment of the complaint and other currently sealed filings.  Similarly, GBP has not offered any reason for sealing its memorandum of law beyond its reliance on previously sealed materials, which it contends are of a "confidential nature."  (Dkt. 33).

Accordingly, GBP's request is DENIED without prejudice to GBP making a sufficient showing that sealing or redacted filing is warranted.  In order to give GBP an opportunity to make that showing without suffering harm from public disclosure, the Clerk of the Court is respectfully directed to place and maintain GBP's memorandum of law in opposition to Amunix's motion to dismiss (Dkt. 35) under seal pending further order of the Court.  By October 28, 2020, GBP shall make a submission to the Court explaining why its memorandum of law should remain under seal.

Both Amunix and GBP are further directed to brief whether the other materials that have been filed under seal in this case should remain sealed.  These filings consist of the complaint (Dkt. 4); Amunix's pre-motion letter, dated August 14, 2020 (Dkt. 19); GBP's letter response, dated August 19, 2020 (Dkt. 22); and Amunix's memorandum of law in support of its motion to dismiss, dated September 21, 2020 (Dkt. 30).  Amunix and GBP must submit any briefing regarding whether those materials should remain under seal by October 28, 2020.  Any currently sealed filings that are not addressed by a party by October 28, 2020 will be unsealed without further notice.

Consistent with *Lugosch*, the parties' submissions should address any compelling interest that they believe overcomes the presumption of open records and whether that interest can be protected by filing redacted versions of the documents. To the extent any submission contains confidential information that a party believes warrants sealing, the party shall follow the procedures for filing redacted documents outlined in 4.C.iii of this Court's Individual Rules and Practices for Civil Cases.

SO ORDERED.

Dated: October 21, 2020
New York, New York

_____
JOHN P. CRONAN
United States District Judge