

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 7341
MLEVY@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

October 28, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2020
```

**By ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    *Geller Biopharm, Inc. v. Amunix Pharmaceuticals, Inc.*, 20 Civ. 4334 (JPC)
             Defendant's Application to Redact and File Under Seal Certain Court Filings

Dear Judge Cronan:

    We represent Defendant Amunix Pharmaceuticals, Inc. ("Amunix" or "Defendant") in this matter, and we write in response to the Court's order of October 21, 2020 to ask the Court to keep under seal one confidential contract belonging to Amunix that Plaintiff Geller Biopharm, Inc. ("Geller" or "Plaintiff") wrongfully appended to the Complaint, as well as any discussion of its confidential terms. *See* Individual Rules and Practices in Civil Cases 4.C.ii (request to seal is to be made by "letter-motion"). In accordance with Individual Rule 4.B, the relevant documents and proposed redactions are attached to a Declaration from Michael A. Levy, and we have filed a supporting Declaration from Amunix's Chief Executive Officer, Angie You, Ph.D.

### Background

    When Amunix hired Plaintiff, a consulting company run by Dr. Matthew Geller, in 2016, it was on the condition that Geller would keep all material related to Amunix and its business dealings strictly confidential. (*See* Compl. Ex. B at ¶ 8.) Through his engagement with Amunix, Geller gained possession of a highly confidential contract between Amunix and Hoffman-La Roche Ltd. ("Roche"). When Geller filed this action, and without consulting Amunix, he appended that confidential contract, known as the Second FSA, as Exhibit D to the Complaint.

    Geller's inclusion of this confidential contract was gratuitous—there was no legal necessity for Geller to append the contract at all. Moreover, although the Complaint cites provisions on only five pages of the fifteen-page contract, Geller included the entire confidential document in his filing rather than submitting only the relevant pages; conduct that further underscores his disregard for his contractual duty of confidentiality to his client.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

Geller did this despite clearly recognizing, at least at the time of filing, that he had a duty to maintain the document in confidence. He initially sought to keep the Complaint and its exhibits, including the Second FSA, under seal. He acknowledged that the Second FSA contains unusual, non-market terms—indeed, he openly boasted of his own role in helping to secure those terms—and affirmatively asserted that public disclosure of the highly confidential and sensitive information within the Second FSA would irreparably harm Amunix and Roche in their ability to negotiate similar agreements with other parties in the future. (Dkt. 2 at 2.)

The Part I judge granted Plaintiff's motion to seal the Complaint (Dkt. 3), and Judge Failla then extended sealed treatment to later-filed briefs that discussed the sealed material (*e.g.*, Dkt. 20, 23). Upon the case's reassignment to Your Honor, the Court directed that the parties should move to seal any docketed material that they believe warrants such protection. (Dkt. 36.)

In response to the Court's order, Plaintiff reversed its prior position and wrote to Amunix to say that it would make no effort to seal the confidential documents it had placed into the record. Amunix reminded Plaintiff of its contractual duty to keep Amunix's material confidential, noting that—having already filed all of this confidential material—Plaintiff's about-face abandonment of any effort to keep it confidential would constitute a breach of the very contract on which it is suing and could give rise to a counterclaim by Amunix against Plaintiff for any resulting harm. Plaintiff, unmoved, wrote to this Court to reverse its earlier position that the Complaint and exhibits should be sealed, although it does not object if the Court concludes that sealing any document is warranted. (Dkt. 38.) Amunix now files this letter to request continued sealed treatment for the Second FSA and for material derived from it.

**Discussion**

The Second FSA and any discussion of its terms should be maintained under seal in order to protect Amunix—as well as non-litigant Roche, an undisputedly innocent third party which is not even present in this action to defend its interests—from competitive harm. As the Court is aware, the Second Circuit has articulated a three-step process for determining whether sealing is appropriate. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court must determine whether a presumption of access attaches. *Graczyk v. Verizon Commc'ns, Inc.*, No. 18-cv-6465 (PGG), 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020). Here, because Geller attached the Second FSA to the Complaint, it is a judicial document and a presumption of access applies. *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 20-cv-3098 (RPK), 2020 WL 4926271, at *2 (E.D.N.Y. Aug. 21, 2020). Second, the court must determine the weight of the presumption of access based on how central the material is to the litigation. *Graczyk*, 2020 WL 1435031, at *8. Here, the bulk of the Second FSA and its terms are entirely irrelevant; Geller has simply dumped the whole confidential contract into the record.

Finally, and critically, "after determining the weight of the presumption of access, the court must balance competing considerations against it." *Id.* at *8. "Commercial competitors

# SIDLEY

seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Documents should thus be sealed where public disclosure "might harm a litigant's competitive standing." *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017); *see also Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) ("[Risk of] competitive injury to the defendants is, on the facts of this case, a sufficient basis to grant defendants' motion to seal at least at this stage of this litigation."). And if potential competitive harm to a litigant is sufficient to justify sealing, that concern is only magnified when there is the prospect of competitive harm to a third party that is undisputedly faultless with respect to the dispute and which is not present in the action.

Disclosure of the Second FSA would create a risk of competitive harm to Amunix (and Roche) of precisely the kind that justifies sealing. As Amunix's CEO explains in the accompanying declaration, Amunix's competitors could use knowledge of the agreement's contents to undercut Amunix; and counterparties to new potential deals could use the contract against Amunix in negotiations. You Decl. ¶ 4. These market players currently have no way of knowing the terms on which Amunix deals in the market, so Plaintiff's willful thrusting of Amunix's business practices into the public domain in the way it seeks to do here would be a boon to Amunix's competitors and an injury to Amunix. Further, as Ms. You goes on to explain, Roche stands to suffer similar competitive harms if the Second FSA becomes public. You Decl. ¶ 6.[1] It was for precisely these reasons that Roche and Amunix agreed with one another to keep the Second FSA confidential, and similarly that Amunix made clear in its engagement letters with Geller that Geller was required to keep Amunix's business information confidential. *E.g.*, Compl. Ex. A at ¶ 8. The Court should not allow Geller to ignore his duties to protect Amunix's confidentiality, nor impose on Amunix and Roche the harm that would result from Geller's having done so.

This is particularly true at this preliminary stage of the case, because in Amunix's view, Plaintiff's breach of contract claim here is baseless. For the reasons set forth in Amunix's pending motion, Geller's complaint is likely to be dismissed. If that happens, it will be clear that the case should never have been brought and thus that the Second FSA should never have been filed. The Court should accordingly maintain the Second FSA under seal at least until the motion to dismiss is decided. If the Court were to deny the motion, the Court could then ask the parties to revisit whether the Second FSA requires unsealing.

---

[1] Most of the confidential Second FSA that Geller has filed wholesale is irrelevant to this case, and unsealing it would accomplish nothing except potential competitive disadvantage for Amunix and Roche. As to the references in the Complaint and later briefs to the few relevant provisions of the Second FSA, one provision—described at the end of paragraph 21 of the Complaint (and mentioned elsewhere in other filings)—is particularly sensitive. Even Geller mentions it as atypical, and it especially warrants protection so that knowledge of it does not impact Roche's and Amunix's future negotiations with other parties.

# SIDLEY

Page 4

      For these reasons, Amunix believes that the Second FSA and any descriptions of its terms should be kept under seal. Pursuant to the Court's Individual Rules, copies of the relevant documents with proposed redactions to effectuate the requested sealing are attached. We thank the Court for its attention to this request.

                                       Respectfully submitted,

                                       /s/ Michael A. Levy
                                       Michael A. Levy
                                       Christopher Egleson
                                       Qais Ghafary

cc:     Counsel for Plaintiff (By ECF)

---

In light of Defendant's representations as to the competitive harm that could result from disclosure of the Second FSA, the Court finds that the presumption of open records has been overcome. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120, 126 (2d Cir. 2006); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017). Accordingly, it is hereby ORDERED that the Second FSA shall remain under seal through the pendency of the motion to dismiss, after which the Court may revisit the need for sealing. The Court further finds that Defendant's proposed redactions to the Complaint and other filings, as reflected in the Exhibits attached to the Declaration of Michael A. Levy (Dkt. 41), are narrowly tailored and effectively balance the need for confidentiality with presumption of open access to judicial documents. The parties need not refile those documents on the docket.

Any future requests to file sealed or redacted documents should be made in accordance with 4.B-4.C of the Court's Individual Rules and Practices in Civil Cases.

SO ORDERED.

Date:  November 10, 2020
           New York, New York

                                       JOHN P. CRONAN
                                       United States District Judge